UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL MURPHY,

    Plaintiff,                                                 Civil Action No. 19-CV-13252

vs.                                                        HON. BERNARD A. FRIEDMAN

MAGNA SEATING OF AMERICA, INC., and
INTERNATIONAL UNION UNITED AUTOMOBILE,
AEROSPACE, AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW),

    Defendants.

_____/

## OPINION AND ORDER GRANTING
## DEFENDANT INTERNATIONAL UAW'S MOTION TO DISMISS

This matter is presently before the Court on the motion of defendant International Union United Automobile, Aerospace, and Agricultural Implement Workers of America ("International UAW") to dismiss [docket entry 10]. Plaintiff has responded and defendant has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is an employment discrimination and breach of the duty of fair representation case. Plaintiff alleges that she was employed by defendant Magna Seating of America, Inc. ("Magna"), at its Highland, Michigan, plant from June 2010 until she was discharged in December 2018. Am. Compl. ¶ 11. During the last year of her employment, plaintiff (who is Caucasian) alleges that her supervisors and Magna's human resources representatives disciplined her for taking bathroom breaks and for needing an excessive amount of time to assemble parts, while non-Caucasian employees were not similarly treated. Plaintiff alleges that Magna disciplined her unfairly, and eventually discharged her, because of her gender and/or race and that it retaliated against her for complaining about being treated unfairly. Plaintiff also alleges that Magna's actions

violated her rights under its collective bargaining agreement ("CBA") with the UAW, of which plaintiff is a member. In Counts I - III, plaintiff brings claims against Magna under Title VII, the Elliott-Larsen Civil Rights Act, and the CBA.

Additionally, in Count IV, plaintiff claims that defendant International UAW breached its duty of fair representation ("DFR"). Plaintiff alleges that she filed two grievances (on April 10 and September 30, 2018) regarding suspensions she received for allegedly leaving her work station without permission when she needed to use the restroom. *Id.* ¶¶ 39, 58. Plaintiff indicates that she "was informed that her grievances were scheduled to be heard on December 5, 2018," *id.* ¶ 66, but that sometime after she commenced the instant lawsuit her attorney "was given copies of [plaintiff's] grievances from counsel for MAGNA with the notation 'WWOP,'" which apparently means "withdrawn without prejudice." *Id.* ¶ 85. Further, "[t]o date, neither [plaintiff] nor her counsel has received anything from Magna or the Union confirming that her grievances were processed and/or decided in accordance with the CBA." *Id.* ¶ 82. Based on these facts, plaintiff claims that defendant International UAW breached its DFR because:

> 129. Under federal labor laws including Section 301 of the LMRA, the International UAW has an absolute obligation and duty to fairly represent all of its members in an equitable and nondiscriminatory manner.
>
> 130. The International UAW's failure to process Ms. Murphy's grievances violates its duty of fair representation to Ms. Murphy.
>
> 131. The International UAW's failure to process Ms. Murphy's grievances in accordance with the Dispute Resolution procedures set forth in the CBA violates its duty of fair representation to Ms. Murphy.
>
> 132. The International UAW also breached its duty of fair representation to Ms. Murphy by acting in an arbitrary manner with

2

a reckless disregard for the interests of Ms. Murphy.

*Id.* ¶¶ 129-32.

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Defendant International UAW notes, and plaintiff concedes, that a " breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). But the claim in the present case that defendant International UAW breached this duty by "fail[ing] to process [her] grievances" cannot be maintained in light of the CBA's provision defining this defendant's role in the grievance process. Under Article 9 of the CBA (which plaintiff references at Am. Compl. ¶ 87(e) and attached to her amended complaint as an exhibit), the International UAW does not become involved in grievances until "Step 4," the last step in a four-step dispute resolution process.¹ *See* Am. Compl. Ex. C at 22. Under this process, it is not the

---

¹ As set forth in Article 9, the first step of the dispute resolution process requires the employee to take up the grievance with her supervisor. At this step, the employee may ask the committeeperson to handle the grievance for her. A grievance that is not resolved at Step 1 must

3

International UAW's role to "process" grievances, but only to participate in them at the final step. Plaintiff does not allege that her grievances reached that step – or indeed that they ever advanced beyond Step 1. Under these circumstances, plaintiff's allegations that defendant International UAW breached its DFR by failing to process her grievances fail to state a claim.

While plaintiff alleges that this defendant "also breached its duty of fair representation to Ms. Murphy by acting in an arbitrary manner with a reckless disregard for the interests of Ms. Murphy," this is precisely the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has held to be insufficient to state a claim. *Ashcroft*, 556 U.S. at 678. If this allegation is meant to refer to defendant International UAW's alleged failure to process plaintiff's grievances, it fails for the reasons stated above.

The Court concludes that the amended complaint fails to state a claim upon which relief can be granted against defendant International UAW. Accordingly,

---

"be reduced to a 'verbal discussion form' and signed by the employee." The grievance then proceeds to Step 2, where the committeeperson meets with the employer's human resources manager or production manager. A grievance that is not resolved at Step 2 must "be reduced to writing on forms provided by the Company, and signed by the employee involved." The grievance then proceeds to Step 3, where the committeeperson meets with the employer's assistant general manager and human resources manager. If the grievance is not resolved at Step 3, the company must put its decision in writing and provide two copies to the committeeperson. Then the grievance "may be appealed to" Step 4. Only at this step does the International UAW become involved. At this step, "a meeting will be arranged . . . between the International Union Representative, or designee and the General Manager," as well as "the Chairman and Human Resources Manager or designee who will attempt to resolve the grievance."

IT IS ORDERED that defendant International UAW's motion to dismiss is granted.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: April 13, 2020
Detroit, Michigan